IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

CORNELL SMITH,

                      Plaintiff,                            OPINION AND ORDER

    v.

                                                        13-cv-600-wmc

MS. ERICKSON, CAPT. GREFF, DONALD
STRAHOTA, WILLIAMS POLLARD, RICK
RAEMISCHER, LT. SABISH, TONIA MOON,
and ANGLIA E. KROLL,

                      Defendants.

---

      In his original complaint, plaintiff Cornell Smith alleged that correctional officers and others employed by the Wisconsin Department of Corrections at Waupun Correctional Institution violated his rights under the Fourteenth and Eight Amendments, by denying him recreational time, and the First Amendment, by interfering with his attempts to utilize the prison grievance process.  Because Smith is incarcerated and is seeking redress from a governmental employee, the Prison Litigation Reform Act ("PLRA") requires the court to screen his complaint and dismiss any portion that is:  (1) frivolous or malicious; (2) fails to state a claim on which relief may be granted; or (3) seeks money damages from a defendant who is immune from such relief.  28 U.S.C. § 1915A.

      Consistent with that obligation, this court denied Smith leave to proceed, finding that his original complaint failed to allege a constitutional violation, but also provided him an opportunity to file an amended complaint as to his Eighth Amendment claim for denial of recreation and the court directed Smith to specify in particular the length of time he was denied access to recreation.  (12/10/14 Order (dkt. #6).)  Now that the

proposed amended complaint is properly before this court, plaintiff will be denied leave to proceed, and his complaint will be dismissed.

ALLEGATIONS OF FACT[1]

For all times relevant to his complaint, Smith has been an inmate at the Waupan Correctional Institution ("Waupun"). Ms. Erickson, Captain Greff, Deputy Warden Donald Strahota, Lt. Sabish, Chief Warden Mr. Williams Pollard, Tonia Moon and Anglia E. Kroll are (or were during at least parts of the relevant period) employees with the Department of Corrections employed at Waupun. Rick Raemisch is the former Secretary of the Department of Corrections.[2]

Smith alleges that recreation time for prisoners at Waupan has been reduced generally due to overcrowding. Under the rule material to Smith's complaint, inmates were no longer afforded recreational time five days a week; rather, they were allowed to attend recreational time Monday, Wednesday and Friday one week, and then Tuesday and Thursday the next week. (Am. Compl. (dkt. #15) ¶ 11.) For Smith, the Friday recreation time from 2:30 p.m. to 3:45 p.m. conflicts with his Islamic religious service, which is held from 2:00 p.m. to 3:00 p.m.

On August 15, 2012, a correctional officer informed Smith that his name had been removed from the recreational activity exercise list. That same day, Smith

---

[1] In addressing any pro se litigant's complaint, the court must read the allegations of the complaint generously. *Haines v. Kerner*, 404 U.S. 519, 521 (1972). In his complaint, Smith alleges, and the court assumes for purposes of this screening order, the facts set forth above.

[2] If Smith were granted leave to proceed, the court would substitute some of the defendants, but need not do so in light of the court's decision to dismiss this action.

submitted a request slip to Erickson, seeking information as to why his name was removed. When Erickson did not respond, Smith submitted an inmate complaint. This prompted Kroll to ask Smith to forward his complaint to defendant Greff and ask him for a response.

On September 6, 2012, Greff did so, stating, "You had [an unexcused absence] and your name was removed."[3] (Am. Compl. (dkt. #15) ¶ 16.)  Greff also explained that "it was mandatory according to W.C.I. policy to attend to his chief/primary Isla[]mic religious service instead of his scheduled Leisure time structure rec exercise activity." (*Id.*)  Smith alleges that he appealed Greff's decision, but that defendant Strahota affirmed the decision.

Based on these allegations, Smith alleges that defendants Erickson, Greff and Strahota deprived him "for four(4) mo[n]ths" of his "only mean[s] to Leisure time structure rec exercise activity." (*Id.* at ¶ 18.)  Smith appears to allege that he was denied recreational time on Friday afternoons for an additional two month period beginning on February 11, 2013, which was the subject of a second grievance submitted to defendant Pollard. This grievance, too, apparently resulted in no relief.[4]

---

[3] The complaint reads "none accused," though the court assumes plaintiff intended "unexcused."

[4] Smith also includes allegations concerning defendant Kroll's processing of his inmate complaints, but those allegations fail to state a claim under the First Amendment for reasons provided in the court's initial denial of leave to proceed. (*See* 12/10/14 Op. & Order (dkt. #6) 6-7.)

OPINION

As the court explained in its initial opinion and order, the Eighth Amendment's prohibition against cruel and unusual punishment imposes upon prison officials the duty to provide prisoners "humane conditions of confinement." *Farmer v. Brennan*, 511 U.S. 825, 832 (1994). To constitute cruel and unusual punishment, conditions of confinement must be extreme. The Court of Appeals for the Seventh Circuit has recognized that exercise is "a necessary requirement for physical and mental well-being," and has held that depriving prisoners of out-of-cell exercise opportunities may violate the Eighth Amendment. *Delaney v. DeTella*, 256 F.3d 679, 684 (7th Cir. 2001). However, "short-term denials of exercise" do not violate the constitution. *Thomas v. Ramos*, 130 F.3d 754, 764 (7th Cir. 1997) (denial of outdoor exercise for 70 days permissible); *Harris v. Fleming*, 839 F.2d 1232, 1236 (7th Cir. 1988) (denial of out-of-cell exercise for 28 days permissible).

The additional allegations in his amended complaint still do not meet this Eighth Amendment threshold. To the contrary, Smith's new allegations merely confirm -- as the court assumed in its opinion on his original complaint -- that he was *not* denied *all* access to out-of-cell time, but rather denied access to recreational activity on Friday afternoons, because that activity conflicted with Smith's religious services. Smith's disagreement with the reasonableness of defendants' decision to make religious services paramount, or failing to find a way to accommodate both, is certainly understandable, but his allegations fail to establish a violation of his constitutional rights under the Eighth Amendment.

4

In his amended complaint, Smith cites repeatedly to Wis. Admin Code § DOC 309.36(1), which provides in pertinent part:

> The department shall provide as much leisure time activity as possible for inmates, consistent with available resources and scheduled programs and work. Leisure time activity is free time outside the cell or room during which the inmate may be involved in activities such as recreational reading, sports, film and television viewing, and handicrafts.

Even assuming that this administrative provision supports Smith's position -- notably, subsection (2) simply mandates at least 4 hours per week, which it appears Smith receives -- a violation of an administrative regulation does not necessarily constitute a violation under the United States Constitution. *See, e.g., Pasiewicz v. Lake Cnty. Forest Pres. Dist.*, 270 F.3d 520, 526 (7th Cir. 2001) ("A violation of a state statute is not a per se violation of the federal Constitution.").

Accordingly, the court will deny Smith leave to proceed with an Eighth Amendment claim.[5]

---

[5] Perhaps Smith might have had a colorable claim under RLUIPA were his complaint that the state failed to accommodate his desire to attend religious services, but that is *not* Smith's complaint here. On the contrary, his claim is that he would have preferred a period of physical exercise. As importantly, Smith does not allege his situation to be ongoing. Rather, he seems principally to be seeking *monetary* damages that are unavailable under RLUIPA. *See Nelson v. Miller*, 570 F.3d 868, 886-89 (7th Cir. 2009). Finally, the alleged misconduct here, even if actionable, *all* occurred in 2012 and 2013, obviating the need for injunctive relief under RLIUPA.

5

...
...

ORDER

IT IS ORDERED that plaintiff Cornell Smith's motion for leave to proceed is DENIED, and plaintiff's claims are dismissed without prejudice. The clerk of court is directed to close this case.

Entered this 15th day of August, 2016.

BY THE COURT:

/s/
_____
WILLIAM M. CONLEY
District Judge