DOC NO
REC'D/FILED

IN THE UNITD STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

2016 SEP 19 AM 11:51
PETER OPPENEER
CLERK US DISTRICT COURT
WD OF WI

CORNELL SMITH,
    Plaintiff-Appellant,

V.                 Case No. # 13-CV-600-WMC

MS. K. ERICKSON,
    Defendants-Appellees.

NOTICE OF, AND MOTION TO
APPEAL AN ADVERSE JUDGMENT
DISMISSING PLAINTIFF-APPELLANT
CORNELL SMITH, 28 U.S.C. §1983
CIVIL COMPLAINT AND MOTION
IN FOR A PAUPERIS BY THE HON.
JUDGE PRESIDING WILLIAMS
M. CONLEY, ENTER AUGUST 15
2016. WESTERN DISTRICT COURT
OF WISCONSIN. PURSUIT TO:
Fed. R. App. P. 3(c).

COMES NOW, Plaintiff-Appellant
Cornell Smith, appearing herein
Pro Se, prisoner litigater in the
above entitle matter seeking to
bring his "Smith" Notice of, and motion

to appeal, dismissing the appellant Smith civil complaint. Pursu. to: Fed. R. App. P. 3(c), when the district court or appellant district court issued an order to dismiss a motion In Forma Pauperis is reviewable on appeal. See, Roberts v. United States District Court, 339 U.S. 844, 70 S.Ct. 954, 94 L.Ed. 1326 (1950).

ISSUE PRESENTED

I. THE Appellant DISTRICT TRIAL COURT ABUSED ITS DISCRETION BY UTILIZING BADLAW TO ERRONEOUSLY STRAYED OR UNDERMINE APPELLANT-SMITH, FIRST AMENDMENT RIGHT TO ACCESS COURT AND FAILED TO ARTICULATED ITS REASON.

II. THE APPELLANT DISTRICT TRIAL COURT ABUSED ITS DISCRETION BY UTILIZING BADLAW TO ERRONEOUSLY STRAYED OR UNDERMINE THE APPELLANT-SMITH EIGHTH AMEND-MENT RIGHT THAT PROHIBIT CRUEL AND UNUSUAL PUNISHMENT TO-OUT-OF-CELL EXERCISE THAT STEMED FROM MANDATORY CREATED STATE STATURE THAT CONTAINED MANDATORY LANGUISH AND FAILED TO ARTICULATE ITS REASON.

III. THE APPELLANT DISTRICT COURT ABUSE ITS DISCRETION BY UTILIZING BADLAW TO ERRONEOUSLY RELEVED DEFENDANTS-APPELLEES FROM THEIR MANDATORY DUTIES, RESPONSIBILITIES, AND OBLIGATION, OF THE RULES, REGULATION, AND POLICES, PROCEDUES, NOT LIMITED TO THIS CASE, AND FAILED TO ARTICULATED ITS REASON

THE APPELLANT DISTRICT COURT ABUSED ITS DISCRETION BY ERRONEOUSLY RELYING ON BADLAW TO DISMISSED HIS FIRT AMENDMENT RIGHT TO FILED GRIEVANCE AGAINST DEFENDANT-APPELLEES AS WELL APPELLEES RETALIATION AGAINST APPELLANT SMITH FOR THAT FILING AND STILL STRAYING OR UNDERMINED MANDATORY STATES AND FEDERAL STATUTURES WITHOUT ARTICULAT-ING ITS READON.

IIII. THE APPELANT DISTRICT COURT ABUSE ITS DISCRETION BY ERRONEOUSLY RELYING ON BADLAW TO DISMISSED HIS FIRST AMENDMENT RIGHT TO FILED GRIEVANCE AGAINST DEFENDANTS-APPELLEES AS WELL APPELLEES RETALIATION AGAINST APPELLANT SMITH FOR THAT FILING AND STILL STRAYING OR UNDERMINE MANDATORY STATES AND FEDERAL STATUTURES WITHOUT ARTICULATING IT REASON.

ARGUMENT

I. THE APPELLANT DISTRICT TRIAL COURT ABUSED ITS DISCRETION BY UTILIZING BADLAW TO ERRONEOUSLY STRAYED OR UNDERMINE APPELLANT SMITH FRIST (st1) AMENDMENT RIGHT TO ACCESS COURT AND FAILED TO ARTICULATED ITS REASON.

A. Federal Notice pleading system.

TO state a cognizable claim under the federal notice pleading system, the plaintiff is required to provide a "short and plain statement of the claim showing that [he] is entitled to relief-[.]" Fed. R. Civ. P. 8(a)(2), it is necessary for the plaintiff to plead specific facts and his statement need only "give the defendant fair notice of what the .... claim and the grounds upon which it rests." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007) (quoting Conley v. Gibbs, 355 U.S. 41 47) (1957)). However a complaint that offers "labels and conclusions" or formulatic recitation of the elements of a cause of action will not do." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009)

— 4 —

Wolff v. McDonnell, 418 U.S. 539 (1974); Andrade v. Hauck, 452 F. 2d 1071, 1072 (5th Cir. 1971).

[Fourteenth Amendment right to access extends to §1983 suit concering conditions of incarceration]. It is inconsistent with the due process rights of inmate-prisoners to dismiss civil rights cases filed by appellant for the limited reasons advanced by the trial court in this case. See, Mitchum v. Purvis, 650 F.2d 647 (5th Cir. 1981).

(quoting Twombly, 550 U.S. at 555). To state a claim, a complaint must contain sufficient factual matter, accepted as true, "that is plausible on its face." Id. (quoting Twombly, 550 U.S. at 570).

"A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. (citing, 550 U.S. at 556). The complaint allegations "must be enough to raise a right to relief above the speculative level." Twombly, 550 U.S. at 555 (citation omitted). In considering whether a complaint states a claim, courts should follow the principles set forth in Twombly by first, "identifying pleadings that, because they are no more than conclusions must be supported by factual allegations. Id. If there are well-pleaded factual allegations, the court must second, "assum their veracity and then determine whether they plausibly give rise to

— 5 —

"relief." Id. To state a claim for relief under 42 U.S.C. 1983.

Plaintiff must allege that: 1) he was deprived of right secured by the constitution or law of the united states; and 2) the deprivation was visited upon him by a person or persons acting under color of state law. Buchanan—moore v. county of Milwaukee, 570 F.3d 824, 827 (7th cir. 2009) (citing kramer v. village of North Fond du Lac, 384 F.3d 856, 861 (7th cir. 2004)). See also Gomez v. Toledo, 446 U.S. 635, 640 (1980). The District court is obliged to give plaintiff's pro se allegations, however inartfully pleaded, "a liberal construction. See Erickson v. Perdus, 551 U.S. 89, 94 (2007) (quoting Estell v. Gamble, 429 U.S. 97, 106 (1976)). A claim may only be dismissed if "it appears not set of facts in support of his claim which would entitle him to relief. conley v. Gibson, 355 U.S. 41, 45—46 (1957). "Allegation of the pro se complaint

— 6 —

are to be held less stringent standard than formel pleading drafted by lawyers." Haines v. Kerner, 404 U.S. 519 520.

Prisoner have a constitutional right to "adequate, effective and meaningful" access to the courts. See Bounds v. Smith, 430 U.S. 817, 822, 97 S.ct. 1491, 1495 (1977). Rudolph v. Locke, 594 F.2d 1076, 1078 (5th cir. 1979). This right is well established both in Hebeas corpus action, Johson v. Avery, 393 U.S. 483 (1969), and in civil right cases, Wolff v. McDonnell 418 U.S. 539 (1974). Andrade v. Hauck, 452 F.2d 1071, 1072 (5th cir. 1971)

[Fourteeth Amendment right to access extends to §1983 suit concerning conditions of incarceration].

It is inconsistent with the due process rights of inmate-prisoners to dismiss civil rights case filed by appellant for the limited reasons

— 9 —

advanced by the trial court in this case.
See, Mitchum v. Purvis, 650 F.zd 647
(5th Cir. 1981).

(a). Plaintiff-Appellant Smith has
a constitutional right to access
to the courts and this appellant
district court has make sure its
close or shutted its doors on
his fourteenth Amendment right
by straying or undermine that
right by utilizing Badlaws.

Prisoners have a constitutional right
of access to the courts for pursuing post-
conviction remedies and for challenging
the conditions of their confinement.
Lewis v. Casey, 518 U.S. 343, 354-55
(1996); Campbell v. Miller, 787 F.zd 217,
225 (7th Cir. 1986) (citing Smith, 430
U.S. at 817; Wolff v. McDonnell, 418
U.S. 539, 578-8 (1974); Procunier v.
Martinez, 416 U.S. 396, 419 (1974);
Johnson v. Avery, 393 U.S. 483, 485
(1969). However, an inmate's right of
access to the courts is not unconditional.
See Green v. Warden, U.S. Penitentiary,
699 F.zd 364, 369 (7th cir. 1983).

— 8 —

Inmate-prisoners access to the courts must be 'adequate, effective and meaningful." Bounds-v. Smith, supra.

It is none of these if it embraces no more than being permitted to file a paper that, without determination of whether it state a claim legally sufficient and within the court's jurisdiction, is subjected to dismissal on grounds of convenience to court and litigents.

In discussing right of access Bounds refers to the rights of an indigent to a transcripts in order that he have adequate and effective appellate review, and the right to counsel in order that he have a meaningful appeal. Id. Both of these rights which reach beyond filing suit. The presence of a state or federal prisoner as party or witness in circuit court can be secured under a writ of habeas corpus as testificand-um, which the circuit court had discretionary authority to issue. See, Ford v. Catballo, 577 F. 2d 404 (7th Cir. 1978) ; State v. Morris, 846 F. 2d 730 (7th Cir. 1926).

- 9 -

The appellant district court abused its discretion by utilizing badlaw to erroneously shuted its doors in the face of appellant Smith by straying or undermine the right to access of the court without given him the chance to prove his case.

II. THE APPELLANT DISTRICT TRIAL COURT ABUSED ITS DISCRETION BY UTILIZING BADLAW TO ERRONEOUSLY STRAYED OR UNDERMEN THE APPELLANT SMITH EIGHTH AMENDMENT RIGTH THAT PROHIBIT CRUEL AND UNUSUAL PUNISHMENT TO-OUT-OF-CELL EXERCISE THAT STEMED FROM MANDAT-ORY CREATED STATE STATURE THAT CONTAINED MANDATORY LANGUAGE AND FAILED TO ARTICULATE ITS REASON

(b). The plaintiff-appellant Smith possesses overwhelming evidence that He's has been denied his mandatory only means to-out-of-cell exercise that violates his Eighth Amendment right.

— 10 —

The Eighth Amendment prohibits conditions of confinement that "[I]nvolve the wanton and unnecessary infliction of pain" or that are "grossly disproportionate to the severity of the crime warranting imprisonment." Rhodes v. Chapman, 452 U.S. 337, 347) (1981). "[A] prison official violates the Eighth Amendment only when two requirements are met. First the deprivation must be. Objectively, 'sufficiently serious'; a prison officials act or omission must result in the denial of 'the minimal civilized measure of life's necessities'" Farmer v. Brennan, 511 U.S. 825, 834 (1994) (citations omitted).

Second, "a prison offical must have a 'sufficiently culpable state of mine.' In prison conditions case that state of mind requirement is one of 'deliberate indifference' to inmate health or safety." Id. (citations omitted). The first, objective component, is "contextual and responsive to 'contemporary standards of decency.'" Hudson v. McMillian, 503 U.S. 1, 8 (1992) (quoting Estelle v. Gamble, 429 U.S.

—11—

97, 103 (1976)). "For instance, extreme deprivation are required to make out a conditions-of-confinement claim." Id. at 8-9. "[O]nly those deprivations denying 'the minc civilized measure of life's necessities' are sufficiently grave to form the basis of an Eighth Amendment violation." Wilson v. seiter, 501 U.S. 294, 298 (1991) (quoting Rhodes, 452 U.S. at 347).

Prison officials must "act with a sufficiently culpable state of mind" or deliberate indifference to meet the subjective requirement. Johnson v. Snyder, 444 F.3d 579, 585 (7th cir. 2006). Deliberate indifference is not negligence or even gross negligence- it "approaches intentional wrongdoing." 'essentially a criminal recklessness' standard, that is, ignoring a known risk." Id. (citations omitted).

1. Plaintiff-Appellant Smith right to-out-of-Cell exercise is stem from from a state statute wis. admin. code. §Doc 309. 36(i),

"The department "shall" provide as much Leisure time activity as possible for inmates, consistent with available resources and schedule programs.

— 12 —

and work. Leisure time activity is free time outside the cell or room during which the inmate may be involved in activities such as recreational reading, spot film and televison viewing, and handicrafts." Id.

Wis. Admin. code. $DOC 309.36(1).

The appellant district court is opposed of this issue or subject matter. (Opinion AND ORDER Page #5). Plaintiff-Appellant Smith, has been denied to out-of-cell exercise four(4) mouths and again out-of-cell-exercise two(2) mouths in two(2) seprated incidence. (2), numercited, "Each institution shall permit inmates to participate in leisure time activities for at least 4 hours per week."

Because of the overwhelming crowding of inmates institutional recreation is impossible to attend. (OPINION AND ORDER) dated August 5, 2016. The word "shall" means mandatory. See, State ex rel. Jones v. Franklin, 444 N.W. 2d 738, 151 Wis. 2d 419 (Wis. App. 1989). Administrative rules are subject to the same rules of construction as applied to the statutes. Brooks

— 13 —

v. Labor and Industry Review commission, 138 Wis. 2d 106, 110; 405 N.W. 2d 705, 706 (ct. App. 1987). The primary source of the meaning of a rule is its language. State ex rel. Smith v. City of Oak Creek, 139 W.S. 2d 788, 795, 407 N.W. 2d 901, 904 (1987). Here, the deliberate indifference to Farver's safety was demonstrated by CMS's condoning of its employees not following policies.

As we recently note, "Jail managers who decided to take no precautions against the possibility of inmate suicide -- to having no policy, is guilty of deliberate indifference in the relevant sense..." See, Woodward v. Correctional Medical Services, 368 F.3d 917, 930, 31, 32 (7th Cir. 2004). Boncher v. Brown County, 272 F.3d 484, 486 (7th Cir. 2001). Id.

Standard operation procedural:

D.A.I. #900.816.01. when an inmate such as Appellant Smith posses a priority WCI Pass to attend to his chief/primary religious services that Pass superside his outside exercise activities. See, O.A.I. P&P: "E If two passes are received for the same inmate at the same

— 14 —

time the higher priority pass
will be issued. "The lower
priority pass will be maked
"conflict" and returned to the
issuing party."
"F. The priority order will be.
1. court-ordered Hearings/telephone
calls
2. Urinalysis.
3. Disciplinary hearings/PRC/
Parole
4. HSU
5. Psychological Services
6. Religious Services. Id.,
D.A.I. P&P. # 900.816.01 (E) (F.).

2. The defendants - Appellees Ms.
Erickson Violated the appellant
Smith procedure due process
secured by the Fourteenth (14)
amendment right.
Plaintiff-Appellant Smith, argues
that he's posses both property right
and liberty that stem from created
state statutes. Wis. Admin. Code.
§ 00C 309.36 (1) (2). His rights was
clearly established as well the policy
and procedures to legally stripped him
of that right due to infraction.
— 15 —

On his part, but there is absolutely no evidence or record of such action, behavior, and conduct of Appellant Smith. Just defendants-appellers.

The Policy & Procedure means a method. A, step by step process too accomplish a task or to give instruction to denied, removed etc. O.A.I. P & P# 900.816. 01 (H). The Appellant District court seems to believe that the appellant's Smith intreperting of the procedure is wrong. See, (opinion and order page #5), Dated: August 15, 2016. Id.

The Appellant District Court, opinion and order to dismissed on that claim is significant wrong. As a matter of fact It contained the very instruction given of Procedure Due Process given in the United States Supreme court. Wolff V. McDonnell. Prisoners who are subjected to disciplinary proceeding have a liberty Interest at stake that is entitle to the minimum due process protection discussed in Wolff (1974) including notice of the charges, a limited right to present evidence and a written statement of the evidence

—16—

on which the hearing committee relied and the reason for the decision. Wolff v. McDonnell, 418 U.S. 539 563-67, 94 S.Ct. 2963, 2978-80, 41 L.Ed. 2d 935 (1974). See, Casteel v. Kolb, 500 N.W. 2d 400 (Wis. App. 1993). The court made clear that when a state official abuses his or her authority, and as a consequence violates a persons right to procedural due process, that official may be subject to liability under 42 U.S.C. §1983. In Zinerman, hospital officials had state authority to deprive person of liberty. Thus "the constitution imposed on them the state's comcomitant duty to see that no deprivation occurs without adequate procedural protections." Zinerman, 494 U.S. at 135, 110 S.Ct. at 988. The court said that the hospital officials' conduct was not unauthorized " In the sense the term was used in Parratt and Hudson. The court said". "The deprivation here is 'unauthorized only in the sense that it was not an act sanctioned by state law but instead was a deprivation of constitutional rights... by an official's abuse of his position.

— 17 —

IIII. THE APPELLAT. DISTRICT
COURT ABUSED ITS
DISCRETION BY ERRONE-
OUSLY RELYING BADLAW TO
DISMISSED HIS FIRST
AMENDMENT RIGHT TO
FILED GRIEVANCE
AGAINST DEFENDANTS-
APPELLESS RETAELATION
AGAINST APPELLANT
SMITH FOR THAT FILING
AND STILL STRAYING
OR UNDERMINE MANDATORY
STATES AND FEDERAL
STATUTURES WITHOUT
ARTICULATION IT REASON.

(C). The appellant Smith is
required to exhaust admini-
strative remedies before
commencing his lawsuit
concering prison condition.
Pursaunt to 42 U.S.C. 81997e(a)

— 18 —

(a), "[N]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative grievance Remedies as are available are exhausted." Thus, if a prison has an internal administrative grievance system through which a prisoner can seek to correct a problem, then the prisoner must utilize that administrative system before filing a claim." Massey v. Helmon, 196 Fed. 3d 727, 733 (7th Cir. 1999). "[U]nless the prisoner completes the administrative process by following the rules the state has establish for that process.

The Appellees, MS. Erickson

— 19 —

Prevented the appellant smith from utilizing that system by abusing their power. Appellees, MS. Kroll and MS. Moon conspired by aided abetted against appellant Smith by violating his First Amendment right of Freedom of Speech by rewritten the rules that prevented appellant smith from engaging in such right By Falsily stating that appellant Smith utilized obscen langauges.

The State and Federal (PLRA) that governs the administrative grievance exhaustion requirements the United States Supreme court held to be mandetory. Porter V. Nussle, 534 U.S. 516, 524 (2002). A remedy that prison officials prevent a prioner from utilizing is not an available administrative remedy under §1997 e(a). Dale V. Lappin, 376 F.3d 652, 656 (7th Cir. 2004).

— 20 —

The Divison of collections must comply with the administrative rules promulgated to govern the Division's operation. State ex rel Richards v. Traut 145 Wis. 2d. 677, 680, 429 N.W. 2d 81, 82 (ct. App. 1988). The Appellant District Court opinion AND ORDER on this claim is nullified.

— Conclusion —

WHEREFORE, Appellant Smith request that district Court reopen this case and grant him the relief he's seeking in his civil lawsuit.

Dated: September 8, 2016

Submitted by
Correll Smith
pro se litigate
Appellant.

— 21 —